# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

## COURT FILE NO.:

Jonathan Stevens,
    Plaintiff,

v.

Edmonds & Logue, PC and
Credit Bureau of Carbon
County, Inc. dba
CollectionCenter, Inc.,
    Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

## NATURE OF ACTION

1. Plaintiff Jonathan Steves ("Plaintiff") brings this action against Defendants Edmonds & Logue, PC ("E&L") and Credit Bureau of Carbon County, Inc. dba CollectionCenter, Inc. ("CBCC") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, STANDING, AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Plaintiff has Article III standing to bring this action, as it seeks to redress conduct by Defendants that caused Plaintiff to suffer intangible harms, which Congress has made legally cognizable in passing the FDCPA. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016) (Congress is "well

positioned to identify intangible harms that meet minimum Article III requirements," and thus "may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) ("Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" (quoting 15 U.S.C. § 1692(b)).

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

5. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

6. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *Johnson v. Riddle*, 305 F.3d 1107, 1122 (10th Cir. 2002).

7. The FDCPA is a "remedial statute," and so "should be construed liberally in favor of the consumer." *Riddle*, 305 F.3d at 1117.

8.  "A single violation of the FDCPA is sufficient to state a claim." *Soren v. Equable Ascent Fin., LLC*, No. 2:12-CV-00038, 2012 WL 2317362, at *2 (D. Utah June 18, 2012) (citing *Taylor v. Perrin*, 103 F.3d 1232, 1238 (5th Cir.1997)). "Plaintiffs who prove a violation of the FDCPA are entitled to statutory damages irrespective of the ability to prove actual damages." *Id.*

9.  Whether a collection letter violates the FDCPA is assessed under the least sophisticated consumer standard. "[T]he courts consider 'how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives." *Kalebaugh v. Berman & Rabin, P.A.*, 43 F. Supp. 3d 1215, 1220 (D. Kan. 2014) (quoting *Ferree v. Marianos*, 129 F.3d 130, 1997 WL 687693, at *1 (10th Cir. Nov. 3, 1997); *see also Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Colorado, County of El Paso, and City of Colorado Springs.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. E&L is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. E&L is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. CBCC is an entity who acquires debt in default merely for collection purposes, and who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

15. CBCC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt.

17. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

18. E&L uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

19. E&L regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. CBCC uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

21. CBCC purchases defaulted debts from creditors, which it then, either directly or through third parties, seeks to collect from the consumer for its own profit.

22. The principal purpose of CBCC's business is debt collection.

23. CBCC has no other substantial business purpose except to purchase debt and profit from collected debts.

24. CBCC acquired Plaintiff's Debt after it was alleged to be in default.

25. At all relevant times, E&L acted on behalf of CBCC to collect or attempt to collect the Debt from Plaintiff.

26. In connection with the collection of the Debt, E&L, itself and on behalf of CBCC, sent Plaintiff initial written communication dated June 20, 2018.

27. A true and correct copy of the June 20, 2018 letter is attached as Exhibit A.

28. The June 20, 2018 letter was E&L's initial communication with Plaintiff with respect to the Debt.

29. The June 20, 2018 letter was sent on E&L's law firm letterhead. Exhibit A.

30. The June 20, 2018 letter contained a signature block for attorneys Rocky L. Edmonds and Jeffrey M. Logue. Exhibit A.

31. The June 20, 2018 letter was signed by Rocky L. Edmonds. Exhibit A.

32. The June 20, 2018 letter purported to contain the notices required by 15 U.S.C. § 1692g(a) on the reverse side of the letter. Exhibit A.

33. The June 20, 2018 letter threatened:

> Your FAILURE to pay has forced CollectionCenter, Inc. ("CCI") to declare you in default and authorize this firm to proceed with litigation. If you pay $6524.74 or make satisfactory arrangements with our client's office, we will not proceed.
>
> Your continued failure to pay in full may result in suit being filed against you, notwithstanding your rights stated on the back of this notice. If a judgment is rendered against you, we may, by law, seize any non-exempt assets including wages.

Exhibit A (emphasis in original).

34. Defendants' threats of litigation, including sending the June 20, 2018 letter on law firm letterhead and signed by an attorney, would cause the least sophisticated consumer to overlook the rights provided by 15 U.S.C. § 1692g(a).

35. The June 20, 2018 letter creates a false sense of urgency.

36. Upon information and belief, Defendants have not filed a lawsuit against Plaintiff as of the date of this complaint.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(b)

37. Plaintiff repeats and re-alleges each factual allegation contained above.

38. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

39. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

40. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v.*

*Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

41. To ensure debt collectors' notices meaningfully convey consumers' rights under § 1692g, Congress has further declared that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b); *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) ("More importantly for present purposes, the notice must not be overshadowed or contradicted by accompanying messages from the debt collector.").

42. If a consumer requests validation, "the debt collector shall cease collection of the debt . . . until the debt collector obtains verification" and mails such verification to the consumer. 15 U.S.C. § 1692g(b).

43. The notice of a consumer's rights under § 1692g may be "overshadowed" by language within the validation letter itself. *See Gostony v. Diem Corp.*, 320 F. Supp. 2d 932, 938 (D. Ariz. 2003) ("The juxtaposition of two inconsistent statements' renders the notice invalid under § 1692g.") (quotations removed).

*44.* "Courts have recognized FDCPA claims where a defendant has provided notice that satisfies the letter, but not the spirit, of the FDCPA requirements." *Williams v. Edelman*, 408 F. Supp. 2d 1261, 1271 (S.D. Fla. 2005) (citing *Avila v. Rubin,* 84 F.3d 222, 226 (7th Cir.1996)).

45. E&L violated 15 U.S.C. § 1692g(b) by overshadowing the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, during the thirty-day dispute period.

46. CBCC, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of E&L—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00 per Defendant;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

47. Plaintiff repeats and re-alleges each factual allegation above.

48. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e. *See Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which

"will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

49. Congress, recognizing that it would be impossible to foresee every type of deceptive collection misbehavior, expressly included in the FDCPA a catchall provision, prohibiting "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

50. "[A]n unsophisticated debtor could be confused by receiving two nearly identical letters that, using identical language, state that he or she has thirty days to dispute the debt." *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *8 (D. Ariz. Feb. 3, 2015) (finding "that Defendant violated § 1692e(10) by sending two letters to the same person, each representing that Plaintiff had thirty days from receipt of the letter to dispute the debt").

51. E&L violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of the Debt.

52. CBCC, by virtue of its status as a "debt collector" under the FDCPA, is liable for the conduct of E&L—the debt collector it retained to collect on its behalf.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 14, 2019

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff